UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

PAMELA K. MORAN,                    )
                                    )
                    Plaintiff,      )
                                    )
            v.                      )          Civil Case No. 1:09-cv-00417-WCG
                                    )
WALMART ASSOCIATES, INC.,           )          **Removed from Outagamie Circuit Court**
                                    )          **Cause No. 09 CV 695**
                    Defendant.      )

## ANSWER TO COMPLAINT

Wal-Mart Stores East, L.P., on behalf of itself and the improperly named Defendant Wal-Mart Associates, Inc. ("Wal-Mart"), hereby submits its Answer to Plaintiff Pamela K. Moran's ("Plaintiff") Complaint. For the Court's convenience, Wal-Mart has numbered and set forth verbatim Plaintiff's allegations with Wal-Mart's responses immediately following.

## FIRST DEFENSE

1.      Pamela K. Moran is an adult resident of Appleton, Wisconsin, and, more specifically, resides at 120 West Pacific Street, Appleton, Wisconsin, 54911.

**ANSWER:**      Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint and, therefore, denies the same.

2.      Upon information and belief, Wal-Mart Associates, Inc. is a Delaware Corporation with its principle office at 702 SW 8th Street, #0555, Bentonville, Arkansas, 72716-0555.

Dockets.Justia.com

**ANSWER:** Wal-Mart admits that Wal-Mart Associates, Inc. is incorporated in Delaware and has its principal place of business in Arkansas. Answering further, Wal-Mart states that the proper defendant is Wal-Mart Stores East, LP, which is the operating entity for Store Number 1982 in Appleton, Wisconsin. Wal-Mart denies any remaining allegations contained in Paragraph 2 of Plaintiff's Complaint.

3.     Upon information and belief, Wal-Mart's registered agent is CT Corporation Systems, 8040 Excelsior Drive, Suite 200, Madison, Wisconsin, 53717.

**ANSWER:** Wal-Mart admits the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4.     This Court has jurisdiction based on Wisconsin's Long Arm Statute, Wis. Stat. § 801.05.

**ANSWER:** Wal-Mart admits this Court has jurisdiction pursuant to 28 U.S.C.§§ 1332, 1441 and 1446. Wal-Mart denies any remaining allegations contained in Paragraph 4 of Plaintiff's Complaint.

5.     For approximately ten (10) years, Pam Moran was employed by Walmart Associates, Inc. and, more specifically, was employed at the Walmart Supercenter retail store located at 955 Mutual Way, Appleton, Wisconsin, 54913.

**ANSWER:** Wal-Mart admits that Plaintiff was employed at Wal-Mart Store Number 1982, which is located at 955 North Mutual Way, Appleton, Wisconsin 54913, from December 2, 1998 until December 23, 2008. Wal-Mart denies any remaining allegations contained in Paragraph 5 of Plaintiff's Complaint.

2

6.     Pam Moran's employment was terminated on December 23, 2008.

**ANSWER:**     Wal-Mart admits the allegations contained in Paragraph 6 of the Complaint.

7.     On and around December 23, 2008, the Defendant made defamatory statements against Plaintiff, namely:

    a.  The Defendant's agents and employees made one or more statements to the Grand Chute Police Department and to Plaintiff's co-workers and to others that Plaintiff is a drug user and a thief;

    b.  The aforementioned statements were false;

    c.  The statements by Defendant to the Grand Chute Police Department and others tend to harm the reputation of Plaintiff;

    d.  The statements by Defendant to the Grand Chute Police Department and others were made out of motives of retaliation, ill-will, spite, revenge, and other bad motives.

**ANSWER:**     Wal-Mart denies the allegations contained in Paragraph 7 of the Complaint.

8.     As a result of Defendant's defamatory statements, the Plaintiff and her family have been damaged in an amount to be determined by the Court/jury.

**ANSWER:**     Wal-Mart denies the allegations contained in Paragraph 8 of the Complaint.

WHEREFORE, Plaintiff requests entry of judgment against Defendant as follows:

    (i)       For Plaintiff's actual damages;

    (ii)      For judgment in Plaintiff's favor and against Defendant for each claim identified herein;

    (iii)     For Plaintiff's actual damages, compensatory damages, and punitive damages as allowable by law;

    (iv)     For Plaintiff's actual reasonable attorney's fees, expenses and costs as allowable by law; and

    (v)     For all other relief by law and deemed just and equitable by the Court.

**ANSWER:**    Wal-Mart denies that Plaintiff is entitled to any relief.

## SECOND DEFENSE

Subject to a reasonable opportunity for investigation and discovery, some or all of Plaintiff's claims are barred by the applicable statute of limitations.

## THIRD DEFENSE

Subject to a reasonable opportunity for investigation and discovery, some or all of Plaintiff's claims are barred by the doctrines of waiver, laches, estoppel, and/or unclean hands.

## FOURTH DEFENSE

Subject to a reasonable opportunity for investigation and discovery, Plaintiff has failed to mitigate her damages.

4

## FIFTH DEFENSE

Subject to a reasonable opportunity for investigation and discovery, Plaintiff's claims may be barred or limited by the doctrine of after-acquired evidence.

## SIXTH DEFENSE

Subject to a reasonable opportunity for investigation and discovery, Plaintiff has failed to state a claim for which relief may be granted.

## SEVENTH DEFENSE

At all times relevant to this lawsuit, Wal-Mart acted in good faith with regard to Plaintiff.

## EIGTH DEFENSE

Any purportedly defamatory statements allegedly made by Wal-Mart were truthful.

## NINTH DEFENSE

Any purportedly defamatory statements allegedly made by Wal-Mart were privileged and made in good faith.

## TENTH DEFENSE

Any purportedly defamatory statements allegedly made by Wal-Mart were made with no malice or other bad motives and were made in good faith.

## ELEVENTH DEFENSE

Wal-Mart generally denies any allegations contained within Plaintiff's Complaint that are not expressly admitted.

## TWELTH DEFENSE

Plaintiff's claims for damages are bound or limited by the U.S. Constitution, the Wisconsin Constitution, and state and federal law.

5

WHEREFORE, Wal-Mart requests that Plaintiff's Complaint be dismissed in its entirety, and that Wal-Mart be awarded its attorneys' fees, costs, and all other just and proper relief.

Respectfully submitted,

*s/ Katherine Stotler Bayt*
Susan M. Zoeller (19959-49)
E-mail: susan.zoeller@btlaw.com
Katherine Stotler Bayt (23997-22)
E-mail: kbayt@btlaw.com
**BARNES & THORNBURG LLP**
11 S. Meridian Street
Indianapolis, Indiana 46204
Telephone: (317) 236-1313
Facsimile: (317) 231-7433

Attorneys for Defendant

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been served this 27th day of April, 2009, by depositing a copy of the same in the United States mail, first class postage prepaid and properly addressed to the following:

Bree A. Madison
SILTON SEIFERT CARLSON, S.C.
331 East Washington Street
Appleton, WI 54911

*s/Katherine Stotler Bayt*
Katherine Stotler Bayt

INDS02 KBAYT 1044490v1