## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN

PAMELA K. MORAN,
          Plaintiff,

     v.                                     Case No. 09-C-417

WALMART ASSOCIATES INC.,
          Defendant.

### SCHEDULING ORDER

The court held a scheduling conference by telephone with the parties' attorneys on June 19, 2009, pursuant to Fed. R. Civ. P. 16 and Civil L.R. 16.1 (E.D. Wis.). Accordingly, the parties shall comply with the following schedule and procedures.

### <u>DISCOVERY</u>

1.     The plaintiff shall comply with Fed. R. Civ. P. 26(a)(1) concerning initial disclosures on or before July 19, 2009; defendant is to comply on or before August 19, 2009..

2.     The parties may file any amendments to the pleadings on or before July 19, 2009.

3.     (a)     On or before October 19, 2009, plaintiff shall disclose information concerning plaintiff's expert witnesses on liability in accordance with Fed. R. Civ. P. 26.

            (b)     On or before November 19, 2009, defendant shall disclose information concerning defendant's expert witnesses on liability in accordance with Fed. R. Civ. P. 26.

4.     All requests for discovery on liability issues shall be served by a date sufficiently early so that all discovery relating to liability can be completed no later than December 19, 2009.

Dockets.Justia.com

5.     All discovery motions shall comply with Civil L.R. 37.1, by including

a written statement by the movant that, after personal consultation with the party adverse to the motion and after sincere attempts to resolve their differences, the parties are unable to reach an accord. The statement must also recite the date and time of such conference and the names of all parties participating in it.

6.     (a)    Parties may file discovery motions pursuant to Civil L.R. 7.1 or Civil L.R. 7.4. As set forth in Civil L.R. 7.4(a), to be considered on an expedited basis a motion must include "Rule 7.4 Expedited Non-Dispositive Motion" in its title. Unless so identified, the motion will follow the briefing schedule and other provisions of Civil L.R. 7.1. Counsel should consult Civil L.R. 7.4(b) for the requirements regarding content and page limitations and for the response deadline for expedited motions.

     (b)    Motions requesting non-dispositive procedural relief including, but not limited to, motions for an extension of time to file a responsive pleading or brief, for leave to file an amended pleading, and for expansion of the record will generally be granted when the opposing party does not object and the relief being requested will not unduly delay the disposition of the case. Accordingly, and to allow for a more expeditious determination of such motions, counsel seeking such relief shall, when it is practical to do so, and prior to filing such a motion, consult with the opposing party and include in the motion a brief statement indicating whether or not the motion is opposed.

## DISPOSITIVE MOTIONS

7.     On or before December 19, 2009, all dispositive motions shall be served and filed. The briefing schedule is set forth in Civil L.R. 7.1. In all cases which have been designated for electronic filing, counsel should refer to the Additional Procedures set forth below.

8.  All summary judgment motions shall comply with Civil L.R. 7.1 and with Civil L.R. 56.2(a), which provides that

    [Summary judgment] moving papers must include either (1) a stipulation of facts between the parties, or (2) the movant's proposed findings of fact supported by specific citations to evidentiary materials in the record (e.g., pleadings, affidavits, depositions, interrogatory answers, or admissions), or (3) a combination of (1) and (2).

    i.   The movant must present only the factual propositions upon which there is no genuine issue of material fact and which entitle the movant to judgment as a matter of law, including those going to jurisdiction and venue, to the identity of the parties, and to the background of the dispute.

    ii.  Factual propositions shall be set out in numbered paragraphs, with the contents of each paragraph limited as far as practicable to a single factual proposition.

9.  All summary judgment responses shall comply with Civil L.R. 56.2(b), which provides that

    Any materials in opposition to a [summary judgment] motion . . . must be filed within 30 days from service of the motion and must include:

    i.   A specific response to the movant's proposed findings of fact, clearly delineating only those findings to which it is asserted that a genuine issue of material fact exists. The response must refer to the contested finding by paragraph number and must include specific citations to evidentiary materials in the record which support the claim that a dispute exists.

    ii.  A party opposing a [summary judgment] motion may present additional factual propositions deemed to be relevant to the motion, in accordance with the procedures set out in Subparagraph (a)(2) of this rule. These propositions may include additional allegedly undisputed material facts and additional material facts which are disputed and which preclude summary judgment.

10. The parties are put on notice that "[i]n deciding a motion for summary judgment, the Court must conclude that there is no genuine material issue as to any proposed finding of fact to which no response is set out." Civil L.R. 56.2(e).

11.    The parties are put on notice that "[a]ll factual assertions made in any [summary judgment] brief must be supported by both specific citations to evidentiary materials in the record and the corresponding stipulated fact or proposed finding of fact." Civil L.R. 56.2(d).

12.    Any summary judgment motion filed against a pro se litigant must comply with Civil L.R. 56.1.

## ADDITIONAL PROCEDURES

13.    All requests of the court are to be made by formal motion in accordance with Civil L.R. 7.1 and the Federal Rules of Civil Procedure. Requests and arguments contained in letters will not be considered by the court.

14.    In all cases which have been designated for electronic filing, counsel shall mail or deliver to chambers a copy of any briefs, memorandums, affidavits, exhibits, stipulations or proposed findings of fact that exceed ten (10) pages in length, within 48 hours of electronically filing the original. Each such copy shall be clearly marked "COPY" on the first page of the document.

15.    The parties shall comply with General L.R. 5.1 and 5.2, which provide that all legal papers (including letters) shall be filed in the office of the clerk of court rather than in chambers. For filings made less than forty-eight hours before a related court hearing, a courtesy copy should be delivered directly to chambers in addition to the original and copy filed with the clerk of court.

16.    The court expects counsel to confer and make a good faith effort to settle the case. Counsel should explore various methods of alternate dispute resolution (ADR). If the parties are serious about mediation, the court will, upon request, refer the case to one of the magistrate

judges for mediation, at no cost to the parties.  Any such request must be made at least ninety (90) days prior to the final pretrial conference.

17.  The parties are hereby notified that settlement discussions are to be completed prior to the final pretrial conference.  With respect to cases wherein settlement occurs after the final pretrial conference, the court reserves the right to impose jury-related costs, including notification, travel and attendance fees, upon the responsible attorneys.

18.  The foregoing schedule shall not be modified except upon a showing of good cause and by leave of the court.  The pendency of motions or settlement discussions shall not justify modification of the schedule, nor delay the taking of discovery.

SO ORDERED this 19th day of June, 2009.

s/ William C. Griesbach
WILLIAM C. GRIESBACH
United States District Judge